IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHRYN BAUMAN RUBENSTEIN,

   PLAINTIFF,

                                 CASE NO.: 1:06-cv-955-MHT

VS.

BETTY JO BAUMAN, ET AL.

   DEFENDANTS.

## MOTION TO REMAND

COME now Defendant, G. David Johnston, without waiving any pending motions, and move this Court for an order remanding the above case back to the Circuit Court of Houston County on the following grounds:

### I. FACTS/PROCEDURAL HISTORY.

A. Procedurally, this case began on April 2, 2002 when the Plaintiff, Kathryn Rubenstein ("Rubenstein") filed a pro se complaint in the Circuit Court of Houston County contesting her father, Theodore Bauman's, Last Will and Testament ("Will") and seeking to set aside his revocable trust agreement ("Trust") on the grounds that when he executed the documents, he was not of sound mind and acted under duress and undue influence.

B.    The Defendants to the original action included Betty Jo Bauman (Ted Bauman's surviving spouse), all of Mr. Bauman's children and Regions Bank.

C.      Rubenstein later amended her complaint in State court to allege that her father's signature on the Will and Trust was forged.

D.      After four (4) years of discovery, motions, hearings, two (2) appeals to the Alabama Court of Civil Appeals and three (3) judges, many of Rubenstein's claims have been dismissed.

E.      Rubenstein's second appeal to the Court of Civil Appeals (No. 2050386) challenging the proprietary of summary judgment on her forgery claims has been decided against Rubenstein, with the Court of Civil Appeals affirming the Circuit Court decision without opinion.

F.      Rubenstein recently filed numerous amended complaints adding thirty-six (36) new defendants, five (5) of whom are attorneys practicing law in Alabama.

G.      On or about October 20, 2006, Rubenstein, as a Plaintiff, filed pleadings purporting to remove her own lawsuit to the United States District Court for the Middle District of Alabama alleging complete diversity of citizenship between and among the defendants and federal question jurisdiction by virtue of various federal statutory claims.

H.      The Defendants have filed this motion to remand the case back to the Circuit Court of Houston County.

## II. <u>ARGUMENTS.</u>

### A.      *Rubenstein as a Plaintiff cannot remove this case to Federal court.*

Pursuant to the plain language of 28 U.S.C. § 1441, the right of removal is

available only to a Defendant. *See also 28* U.S.C. § 1446 ("A defendant or defendants desiring to removal any civil action . . . from a State court shall file . . ."); *Conner v. Salzinger,* 457 F. 2d 1241 (3d Cir. 1972) ("It is settled that the cited removal statute confines the right of removal from a State court to a Federal district court to *a defendant* or *defendants"); Reiter Oldsmobile v. General Motors,* 477 F. Supp. *125 (D.C. Mass.* 1979) ("Only a defendant may remove under 28 U.S.C. § 1441"). Because Rubenstein is the Plaintiff in the underlying state court action who chose the Circuit Court of Houston County as her forum to file and litigate her suit for four (4) years, she has no legal authority to now remove the case to this Court. Therefore, this Court is urged to remand the case.

### B.       *There is no complete diversity of citizenship.*

One of Rubenstein's grounds for removal is that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 as is required by 28 U.S.C. § 1332. Although the amount in controversy may in fact exceed $75,000.00, the Defendants are not completely diverse. Several of the Defendants, including Jeffrey Bauman, Brian Bickhaus, Robert Birmingham, Pat Black, David Johnston, Don Bennett, Nanette Pilcher, Pitcher & Associates, Diane Ream, Ann Chandler, McDaniel & Associates, Lexa Dowling, Faye R. Ferrell, Doug McKeown, Wallace Cooley, Tom Zeigenfelder, Zeigooley, Inc., Margaret Johnson, Houston County Department of Human Resources, Michael Conaway, Carl E. Jones, D. Bryan Jordan, Boyd Home, Tommy Scarborough and Jere Segrest, are resident citizens of the State of Alabama. 28 U.S.C.

§1441(b) provides that when removal is based on diversity of citizenship none of the parties in interest properly joined and served as defendants can be citizens of the State in which the action is brought. Because most of the defendants in this action are citizens of Alabama, where Rubenstein's action was brought, the action cannot be removed to this Court based on diversity of citizenship and should, therefore, be remanded.

### C.      *Rubenstein's Notice of Removal is untimely.*

28 U.S.C. § 1446(b) provides that a case can not be removed on the basis of diversity of citizenship more than one (1) year after commencement of the action. Rubenstein's original lawsuit has been pending in the Circuit Court of Houston County since April 2, 2002. Thus, her Notice of Removal is untimely and the case should be remanded.

### III. <u>CONCLUSION.</u>

Because Rubenstein is not permitted to remove her own case to Federal court, because there is no complete diversity of citizenship and because her Notice of Removal is untimely, the Defendants urge this Court to remand the case back to the Circuit Court of Houston County where it has been pending for four (4) years.

Respectfully submitted,

**JOHNSTON, HINESLEY, FLOWERS,**

**CLENNEY & TURNER, P.C.**


*/s/ William W. Hinesley*
William W. Hinesley – HIN004


OF COUNSEL:
***Johnston, Hinesley, Flowers, Clenney & Turner,  P.C.***
291 North Oates Street (36303)
Post Office Box 2246
Dothan, Alabama 36302
Tel:    334/793-1115
Fax:    334/793-6603

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Jack Michael Conaway, Esq., Lexa E. Dowling, Esq., Jere C. Segrest, Esq., Joel William Weatherford, Esq., William L. Lee, III, Esq., Steve G. McGowan, Esq., Robert Merrill Girardeau, Esq., Jeffrey Neil Windham, Esq. and certify that I have this day served a copy of the foregoing pleading upon the below listed by placing the same in the United States Mail with adequate postage affixed thereto and addressed properly, to wit:

Ms. Kathryn Bauman
Rubenstein
Post Office Box 2243
Dothan, Alabama 36302

Don Bennett, Esq.
Post Office Box 1392
Dothan, Alabama
36302

Mr. Jeffrey Bauman
Post Office Box 1956
Dothan, Alabama 36302-1956

Tommy Scarborough, Esq.
119 S. Foster St., Ste. 101
Dothan, Alabama 36301

Mr. Brian Bickhaus
3201 Ross Clark Circle
Dothan, Alabama 36303

Pat Black
3201 Ross Clark Circle
Dothan, Alabama 36303

Deep South Investments
141 North St. Andrews Street
Dothan, Alabama 36303

Nanette Pitcher
1133 West Main Street
Dothan, Alabama 36301

Pitcher & Associates
1133 West Main Street
Dothan, Alabama 36301

Dianne Reams
1133 West Main Street
Dothan, Alabama 36301

Ream Properties
1133 West Main Street
Dothan, Alabama 36301

Ann Chandler
201 Church Street
Ashford, Alabama 36312

Marie White Bauman
108 Lucy Lane
Dothan, Alabama 36301

Houston County DHR
Post Office Box 2027
Dothan, Alabama 36301

Faye Ferrell
114 East Troy Street
Dothan, Alabama 36301

Doug McKeown
114 East Troy Street
Dothan, Alabama 36301

Wallace Cooley
6130 Eddins Road
Dothan, Alabama 36303

Tom Zeigenfelder
2501 West Main Street
Dothan, Alabama 36301

Zeigooley, Inc.
6130 Eddins Road
Dothan, Alabama 36303

Mr. Arthur Medley
Post Office Box 1632 Dothan,
Alabama 36302

Margaret Johnson
Houston County DHR
Post Office Box 2027
Dothan, Alabama 36302

PeopleSouth Bank
109 East Church Street
Columbia, Alabama 36319

MidSouth Bank
Post Office Drawer 1001
Ashford, Alabama 36312

CB&T
901 N. Boll Weevil Circle
Enterprise, Alabama 36330

Richard Fox
475 Turnstone Drive
Boca Grande, Florida 33921

Boyd Horn
403 Live Oak Trail Dothan,
Alabama 36305

Carl E. Jones, Jr.
417 20th Street
Birmingham, Alabama 35202

D. Bryan Jordan
417 20th Street
Birmingham, Alabama 35202


Dated this the 27th day of
October, 2006.


*/s/ William W. Hinesley*_____
Of Counsel