IN THE MIDDLE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No:1:06-cv-955-MHT |
| ) | |
| BETTY JO BAUMAN, ET AL, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REMAND

COME NOW the Defendants, Regions Bank, Brian Bickhaus, Pat Black, Robert Birmingham, Boyd Horn and Bryan Jordan, without waiving any pending Motions, and move the Court for an order remanding the above case back to the Circuit Court of Houston County, Alabama, on the following grounds:

    **I.**    **FACTS/PROCEDURAL HISTORY.**

    A.    Procedurally, this case began on April 2, 2002 when the Plaintiff, Kathryn Rubenstein ("Rubenstein") filed a pro se complaint in the Circuit Court of Houston County contesting her father, Theodore Bauman's Last Will and Testament ("Will") and seeking to set his revocable trust agreement ("Trust") on the grounds that when he executed the documents he was not of sound mind and acted under duress and undue influence.

    B.    The Defendants to the original action included Betty Jo Bauman (Ted Bauman's surviving spouse), all of Mr. Bauman's children and Regions Bank.

  C. Rubenstein later amended her complaint in Sate Court to allege that her father's signature on the Will and Trust were forged and alleging breach of fiduciary duty.

  D. After four (4) years of discovery, motions, hearings, two (2) appeals to the Alabama Court of Civil Appeals and three (3) judges, a lot of Rubenstein's claims have been dismissed.

  E. Rubenstein's second appeal to the Court of Civil Appeals (No. 2050386) challenging the proprietary of summary judgment on her forgery claims was AFFIRMED without opinion.

  F. Rubenstein recently filed numerous amended complaints adding thirty-six (36) new defendants, five (5) of whom are attorneys practicing law in Alabama.

  G. On or about October 20, 2006, Rubenstein, as Plaintiff, filed pleadings purporting to remove her own lawsuit to the United States District Court for the Middle District of Alabama alleging complete diversity of citizenship between and among the defendants and federal question jurisdiction by virtue of various federal statutory claims.

  H. The defendants have filed this motion to remand the case back tot the Circuit Court of Houston County.

  **II.** **ARGUMENTS.**

  **A.** **Rubenstein as Plaintiff cannot remove this case to Federal Court.**

Pursuant to the plain language of 28 U.S.C. § 1441, the right of removal is available only to a Defendant. *See also* 28 U.S.C. § 1446 ("A defendant or defendants desiring to removal any civil action….from a Stat Court shall file…."); *Conner v. Salzinger*, 457 F. 2d 1241 (3d Cir. 1972) ("It is settled that the cited removal statute

confines the right of removal from a Sate Court to a Federal District Court to a *defendant* or *defendants*"); *Reiter Oldsmobile v. General Motors*, 477 F. Supp 125 (D.C. Mass. 1979) ("Only a defendant may remove under 28 U.S.C. § 1441"). Because Rubenstein is the Plaintiff in the underlying State Court action who chose the Circuit Court of Houston County as her forum to file and litigate he suit for four (4) years, she has no legal authority to now remove the case from this Court. Therefore, this Court is urged to remand the case.

      **B.**     **There is no complete diversity of citizenship**

One of Rubenstein's grounds for removal is that there is a diversity of citizenship between the parties and the amount in controversy my in fact exceed $75,000.00 as is required by 28 U.S.C. § 1332. Although the amount in controversy may in fact exceed $75,000.00, the Defendants are not completely diverse. Several of the Defendants, including Jeffrey Bauman, Brian Bickhaus, Robert Birmingham, Pat Black, David Johnston, Don Bennett, Nanette Pitcher, Pitcher & Associates, Diane Ream, Ann Chandler, McDaniel & Associates, Lexa Dowling, Faye R. Ferrell, Doug McKeown, Wallace Cooley, Tom Zeigenfelder, Zeigooley, Inc., Margaret Johnson, Houston County Department of Human Resources, Michael Conway, Carl E. Jones, Jr., D. Bryan Jordan, Boyd Horn, Tommy Scarborough and Jere Segrest, are resident citizens of the Sate of Alabama. 28 U.S.C. § 1441(b) provides that when removal is based on diversity of citizenship none of the parties in interest properly joined and served as defendants can be citizens of the Sate in which the action is brought. Because most of the defendants in this action are citizens of Alabama, where Rubenstein's action was brought, the action cannot

be removed to this Court based on diversity of citizenship and should, therefore, be removed.

    **C.    Rubenstein's Notice of Removal is untimely.**

28 U.S.C. § 1446(b) provides that a cause can not be removed on the basis of diversity of citizenship more than one (1) year after commencement of the action. Rubenstein's original lawsuit has been pending in the Circuit Court of Houston County since April 22, 2002. Thus, her Notice of Removal is untimely and the case should be remanded.

    **III.    CONCLUSION.**

Because Rubenstein is not permitted to remove her own case to Federal Court, because there is not complete diversity of citizenship and because her Notice of Removal is untimely, the Defendants urge this Court to remand the case back to the Circuit Court of Houston County where it has been pending for four (4) years.

Respectfully submitted this 26th day of October, 2006.

                                              Farmer, Price, Hornsby & Weatherford, LLP

                                              /s/ *Joel W. Weatherford*_____
                                              Joel W. Weatherford (WEA011)

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:    334/793-2424
Fax:    334/793-6624

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jack Michael Conaway, Esq., Lexa E. Dowling, Esq., Jere C. Segrest, Esq., William Wallace Hinesly, Esq. Steve G. McGowan, Esq., Robert Merrill Girardeau, Esq., Jeffrey Neil Windham, Esq., William L. Lee, III, Esq., William W. Nichols, Esq. and certify that I have this day served a copy of the foregoing pleading upon the below listed by addressed properly, to wit:

Ms. Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

David Johnston, Esq.
P.O. Box 2246
Dothan, AL 36302

Mr. Jeffrey Bauman
P.O. Box 1956
Dothan, AL 36302-1956

Tommy Scarborough, Esq.
119 S. Foster Street
Dothan, AL 36301

Don Bennett, Esq.
P.O. Box 1392
Dothan, AL 36302

Jere C. Segrest, Esq.
P.O. Box 1469
Dothan, AL 36302

Deep South Investments
141 North St. Andrews Street
Dothan, AL 36303

Richard Fox
475 Turnstone Drive
Boca Grande, FL 3921

Nanette Pitcher
1133 West Main Street
Dothan, AL 36301

Pitcher & Associates
1133 West Main Street
Dothan, AL 36301

Dianne Reams
1133 West Main Street
Dothan, AL 36301

Ream Properties
1133 West Main Street
Dothan, AL 36301

Faye Ferrell
114 East Troy Street
Dothan, AL 36301

Doug McKeown
114 East Troy Street
Dothan, AL 36301

Wallace Cooley
6130 Eddins Road
Dothan, AL 36303

Tom Zeigenfelder
2501 West Main Street
Dothan, AL 36301

| | |
|---|---|
| Zeigooley, Inc.<br>2501 West Main Street<br>Dothan, AL 36301 | Author Medley<br>114 North Oates Street<br>Dothan, AL 36303 |
| Margaret Johnston<br>Houston County DHR<br>P.O. Box 2027<br>Dothan, AL 36302 | Houston County DHR<br>P.O. Box 2027<br>Dothan, AL 36302 |
| PeopleSouth Bank<br>109 East Church Street<br>Columbia, AL 36319 | MidSouth Bank<br>P.O. Drawer 1001<br>Ashford, AL 36312 |
| CB&T<br>901 N. Boll Weevil Circle<br>Enterprise, AL 36330 | Carl E. Jones, Jr.<br>417 20th Street<br>Birmingham, AL 35202 |

Dated this the 25th day of October, 2006.

/s/ *Joel W. Weatherford*
Of Counsel