IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHRYN BAUMAN RUBENSTEIN, §
§
  PLAINTIFF, §
§  CASE NO.: 1:06-cv-955-MHT
VS. §
§
BETTY JO BAUMAN, ET AL. §
§
  DEFENDANTS. §

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO REMAND

COME now Defendants, Barbara Kamensky, Marilyn Granger, Allan E. Kamensky, Bennie Wayne Granger, and Granger Unlimited, Inc., and, in accordance with this Court's Order of October 26, 2006 (Doc. 4), respectfully submit the following memorandum brief in support of their Motion to Remand.

    **I.**    **RUBENSTEIN'S REMOVAL PETITION.**

On October 20, 2006, Plaintiff Kathryn Rubenstein ("Rubenstein") filed a Notice of Removal in which she expressed her "desire to exercise her rights under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the Circuit Court of the Trial Court (sic) of Houston County, Alabama, in which said action is now pending under the above-captioned title." (Doc. 1). In support of her petition, Rubenstein argues that removal is appropriate under 28 U.S.C. § 1332's diversity of citizenship provision because she is presently a resident of the State of Florida and was a legal resident of Connecticut when she filed her original action in State court. Rubenstein also contends that because she recently amended her original complaint "and added defendants of

which are legal residents of states other than Alabama" there must be complete diversity of citizenship.  (Doc. 1, pg. 2).  Rubenstein also alleges that her action is founded in Federal law and arises under the laws of the United States.

Presumably in addition or in the alternative to removal, Rubenstein asks for a change of venue pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth in Defendants' Motion for Remand and the arguments that follow, Rubenstein is entitled to neither removal nor a change of venue and this matter is due to be remanded to State court.

## II.   RUBENSTEIN HAS NO STANDING TO REMOVE THIS ACTION.

28 U.S.C. § 1441 sets forth those narrow circumstances in which a case can be removed from State court to the United States district court, a court of relatively limited jurisdiction.  Section 1441 reads in relevant part, thusly:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, <u>may be removed by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.  (emphasis added).

28 U.S.C. § 1446 establishes the proper procedure for removing a case to federal court.  Subsection (a) states that "[a] <u>defendant or defendants desiring to remove any civil action</u> . . . from a State court shall file in the district court of the United States for the district and division in which such action is pending a notice of removal signed pursuant to Rule 11 . . . .").  These statutory provisions make clear the legislative intent to limit the right of removal to a defendant who cannot control the Plaintiff's original choice of

forum. Moreover, federal courts that have considered the issue and interpreted 28 U.S.C. § 1446 confirm that the right of remand does not extend to a plaintiff. *See e.g. Conner v. Salzinger*, 457 F. 2d 1241 (3d Cir. 1972) ("It is settled that the cited removal statute confines the right of removal from a State court to a Federal district court to a *defendant* or *defendants*"); *Reiter Oldsmobile v. General Motors*, 477 F. Supp. 125 (D.C. Mass. 1979) ("Only a defendant may remove under 28 U.S.C. § 1441").

Because Rubenstein is obviously the Plaintiff in this action who chose the original State court forum and not a defendant, she has no standing to seek removal of her case to this Court. Accordingly, the Defendants' Motion to Remand should be granted.

### III. EVEN IF RUBENSTEIN HAD STANDING TO REMOVE THE CASE, THERE IS NO DIVERSITY OF CITIZENSHIP OF THE PARTIES.

28 U.S.C. § 1441(b) states that any civil action for which diversity of citizenship confers federal jurisdiction, the action shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As established by Defendants' Motion to Remand and the certificate of service on record with the Middle District's Clerk's office, at least twenty-six (26) of the Defendants to this action are residents of Alabama, the State in which Rubenstein's action was brought. Therefore, there is no complete diversity of citizenship between and amony the parties and the Motion to Remand should be granted.

### IV. RUBENSTEIN DID NOT OBTAIN THE CONSENT OF THE DEFENDANTS BEFORE REMOVING THE CASE.

With regard to removal procedure, this circuit follows the "rule of unanimity", requiring that all defendants join in a removal petition or consent to removal in cases involving multiple defendants. *Beard v. Lehman Bros. Holdings, Inc.*, 2006 WL 2661170 (M.D. Ala. Sept. 15, 2006) *citing Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

Rubenstein failed to obtain the consent of <u>any</u> defendant, much less all defendants, for removal of the case to Federal court. *See, e.g.* (Doc. 6 - Defendant David Johnston's Motion to Remand); (Doc. 5 - Motion for Joinder to Remand filed by McDaniel & Associates). Thus, Rubenstein's removal petition is fatally deficient and the case should be remanded.

### V. RUBENSTEIN'S NOTICE OF REMOVAL IS UNTIMELY.

28 U.S.C. § 1446(b) states that a notice of removal shall be filed within thirty (30) days after the receipt by the defendant of a copy of the initial pleading. If the case stated by the initial pleading is not removable, the defendant can file a notice of removal within thirty (30) days of receiving an amended pleading; however, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this Title (diversity jurisdiction) more than one year after commencement of the action." 28 U.S.C. § 1446(b). Rubenstein's original lawsuit has been pending for over four (4) years, making her Notice of Removal untimely.

**VI.   THE DEFENDANTS ARE ENTITLED TO COSTS AND ATTORNEY'S FEES FROM RUBENSTEIN.**

28 U.S.C. § 1447(c) states that an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." As Defendants' Motion to Remand and supporting brief demonstrate, Rubenstein lacked any factual or legal basis to remove the case to this Court. Rubenstein's claims are without merit and have been repeatedly held to be without merit by the State court. Her attempt to remove the case at this juncture is nothing more than an effort to avoid the inevitable outcome awaiting her in State court – dismissal. Accordingly, the Defendants urge the Court to order a remand of this case and award the Defendants attorney's fees and costs necessarily incurred briefing the remand issues.

**VII.   RUBENSTEIN IS NOT ENTITLED TO A CHANGE OF VENUE.**

In her Notice of Removal, Rubenstein asks this Court for a change of venue pursuant to 28 U.S.C. § 1404(a). Section 1404 allows a District court to transfer any civil action to any other district court or division where the suit might have been brought originally. Under the plain language of the statute, a judge can only transfer cases from one Federal district court to another. The Court does not have the power to transfer a case from State court, where it has no jurisdiction, to a Federal court. Thus, Rubenstein is not entitled to a change of venue and her motion should be denied.

**VIII.   CONCLUSION.**

Based on the foregoing, the Defendants respectfully submit that Plaintiff Kathryn Rubenstein's lawsuit was improperly removed to this Court and should be remanded with

any and all costs and attorney's fees taxed to the Plaintiff.  Moreover, Rubenstein is not entitled to a change of venue from State court to Federal court pursuant to 28 U.S.C. § 1404.

      Respectfully submitted,

**LEE & MCINISH, P.C.**

/s/ William L. Lee, III
William L. Lee, III (LEE007)
*Attorney for Barbara Kamensky, Marilyn Granger, Allan E. Kamensky, Bennie Wayne Granger and Granger Unlimited, Inc.*

/s/ William W. Nichols
William W. Nichols (NIC027)
*Attorney for Barbara Kamensky, Marilyn Granger, Allan E. Kamensky, Bennie Wayne Granger and Granger Unlimited, Inc.*

OF COUNSEL:
*Lee & McInish Attorneys, P.C.*
238 West Main Street (36301)
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following Jack Michael Conaway, Esq., Lexa E. Dowling, Esq., Jere C. Segrest, Esq., Joel William Weatherford, Esq., William Wallace Hinesley, Esq., Steve G. McGowan, Esq., Robert Merrill Girardeau, Esq., Jeffrey Neil Windham, Esq., William W. Hinesley, Esq. and certify that I have this day served a copy of the foregoing pleading upon the below listed by placing the same in the United States Mail with adequate postage affixed thereto and addressed properly, to wit:

Ms. Kathryn Bauman Rubenstein
Post Office Box 2243
Dothan, Alabama 36302

Pitcher & Associates
1133 West Main Street
Dothan, Alabama 36301

Don Bennett, Esq.
Post Office Box 1392
Dothan, Alabama 36302

Dianne Reams
1133 West Main Street
Dothan, Alabama 36301

Mr. Jeffrey Bauman
Post Office Box 1956
Dothan, Alabama 36302-1956

Ream Properties
1133 West Main Street
Dothan, Alabama 36301

Tommy Scarborough, Esq.
119 S. Foster St., Ste. 101
Dothan, Alabama 36301

Ann Chandler
201 Church Street
Ashford, Alabama 36312

Mr. Brian Bickhaus
3201 Ross Clark Circle
Dothan, Alabama 36303

Marie White Bauman
108 Lucy Lane
Dothan, Alabama 36301

Pat Black
3201 Ross Clark Circle
Dothan, Alabama 36303

Houston County DHR
3201 Ross Clark Circle SE
Dothan, Alabama 36301

Deep South Investments
141 North St. Andrews Street
Dothan, Alabama 36303

Faye Ferrell
114 East Troy Street
Dothan, Alabama 36301

Nanette Pitcher
1133 West Main Street
Dothan, Alabama 36301

Doug McKeown
114 East Troy Street
Dothan, Alabama 36301

| | |
|---|---|
| Wallace Cooley<br>6130 Eddins Road<br>Dothan, Alabama 36303 | MidSouth Bank<br>Post Office Drawer 1001<br>Ashford, Alabama 36312 |
| Tom Zeigenfelder<br>2501 West Main Street<br>Dothan, Alabama 36301 | CB&T<br>901 N. Boll Weevil Circle<br>Enterprise, Alabama 36330 |
| Zeigooley, Inc.<br>6130 Eddins Road<br>Dothan, Alabama 36303 | Richard Fox<br>475 Turnstone Drive<br>Boca Grande, Florida 33921 |
| Mr. Arthur Medley<br>Post Office Box 1632<br>Dothan, Alabama 36302 | Boyd Horn<br>403 Live Oak Trail<br>Dothan, Alabama 36305 |
| Margaret Johnson<br>Houston County DHR<br>3201 Ross Clark Circle SE<br>Dothan, Alabama 36301 | Carl E. Jones, Jr.<br>417 20th Street<br>Birmingham, Alabama 35202 |
| PeopleSouth Bank<br>109 East Church Street<br>Columbia, Alabama 36319 | D. Bryan Jordan<br>417 20th Street<br>Birmingham, Alabama 35202 |

Dated this the 27th day of October, 2006.

/s/ William W. Nichols_____
Of Counsel