IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 NOV -1  P 12: 47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

KATHRYN BAUMAN RUBENSTEIN,    )

    PLAINTIFF,    )

           CASE NO.: 1:06-cv-955-MHT

VS.    )
    )
BETTY JO BAUMAN, ET AL.    )
    )
    DEFENDANTS.    )

## MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO REMAND

    COMES now Plaintiff, Kathryn Bauman Rubenstein, and, in accordance with this Court's Order of October 26, 2006, respectfully submits the following memorandum brief in opposition to Defendants Motion to Remand. (Doc. 4).

### I.    FACTS AND PROCEDURAL HISTORY.

A.    This case originated on April, 2002 when Your Plaintiff filed a complaint in the Houston County Circuit Court contesting the Last Will and Testament, (Will) and seeking to set aside the Revocable Trust, (Trust) of her father, Theodore Julius Bauman.

B.    June 13, 2003, Plaintiff filed an amended complaint with the Houston County Circuit Court which states in addition to other allegations in part that; "the signatures on the Will and Trust were not the true and genuine signatures of the deceased". Said complaint further alleges various torts including but not limited to, breach of fiduciary duty and pursuant to further discovery that additional defendants would be specified in a subsequent complaint.(Doc 1).

1

C.    In response to Plaintiff's June 13, 2003, amended complaint,

Defendants filed a second Motion for Summary Judgment.

D.    Subsequent to Judge Larry Anderson recusing himself in the

aforementioned proceedings, Judge Dale Segrest, during a September 2, 2005

hearing DENIED Defendants Motion for Summary Judgment and subsequently

split case CV02-5063 into two separate causes of action of which one would be

tried before a jury, October 13, 2005. Judge Segrest's September 26, 2005

ORDER, which states in part that; "the case was set for October 13, 2005 to try

the limited issues of the genuineness of the signatures of Ted Bauman on a will

and on a trust". Furthermore, said Order states in relevant part; "since the

determination of many issues involved in this litigation is likely to be affected by

the outcome of the October 13 and 14 trial, the court urges the parties to await the

outcome of that trial prior to engaging in general discovery unrelated to the

genuineness of the signatures of Ted Bauman on a will and a trust". *(Doc 2).*

E.    The October 13, 2005 trial was continued, but prior to the new trial date,

Judge Segrest on his own Motion, reheard the previously denied Summary

Judgment evidence reversing his prior decision and GRANTING Summary

Judgment for the Defendants. The single issue within CV02-5063 which involves

the proprietary of Summary Judgment with regard to forgery claims is the ONLY

issue before the Alabama Court of Civil Appeals, Appeal (No. 2050386).


II.    **PLAINTIFF'S MOTION FILED IN THE MIDDLE
DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA SOUTHERN DIVISION IS A
SEPARATE CAUSE OF ACTION.**

2

Defendants allege in their Motion to Remand, that the separate, untried and as yet, undiscovered portion of CV02-5063 be considered part of the current Appeal (No. 2050386), currently before the Alabama Court of Civil Appeals. (Doc.5). Defendants numerous motions seeking to trample Plaintiff's Civil Rights and to deny her Due Process in these matters have been supported sans regard to law by the State Court. Plaintiff's amended complaint of September 22, 2006 and subsequent addendums in no way affect the current Appeal (No. 2050386), before the Alabama Court of Civil Appeals due to Judge Dale Segrest splitting the case into separate causes of action. (Doc. 6). In that the original case was split into two (2) trials, Plaintiff's amended complaint is not contingent upon a ruling of the Appellate Court. Federal Rules of Civil Procedure Rule 42 (b) states in part that, "The court in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States". Because the State Court split CV02-5062 into separate issues for trial, Rubenstein is due to be granted a separate trial in these matters in a forum of her choosing.

### III.    PLAINTIFF'S NOTICE OF REMOVAL IS TIMELY AND APPROPRIATE.

Plaintiff's amended complaint of September 22, 2006 and subsequent complaints constitute a separate cause of action which is due to be addressed in a separate trial.   In that Plaintiff served each of the original and new defendants in what is essentially a new cause of action encompassing new specific allegations and additional Defendants. Plaintiff complied with 28 U. S.C § 1446(b) which states that a notice of removal shall be filed within thirty (30) days of an amended pleading.  Nowhere in 28 U.S.C. § 1446 does it state that a Plaintiff is denied the ability to file a Notice of Removal.  In that the above referenced matter is in essence, a new cause of action, Rubenstein was correct and appropriate by filing her pleading to remove THE REMAINING PORTION of CV02-5063 to the United States District Court for the Middle District of Alabama. *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425 which states in part that; "A Plaintiff is, necessarily, the "master of his complaint" and may choose either federal or state jurisdiction".

## IV.     FEDERAL LAWS COMPRISE SUBSTANTIAL ELEMENTS WITHIN PLAINTIFF'S CLAIM.

*28 U.S.C.* § 1331, states that federal courts look to see whether plaintiff has asserted a claim that "arises under" federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Section 1331 reads in relevant part, thusly;

(a). A suit arises under the law that creates the cause of action. Id. (citations omitted).

Plaintiff's amended complaints depend heavily if not entirely upon alleged torts which only allow relief to be sought within the federal court. ( Doc 3). 28 U.S.C.A. §

4

1331 states, even though state law creates a plaintiff's cause of action, a case might still

arise under federal law for jurisdictional purposes if a well-pleaded complaint established

that plaintiff's rights to relief under state law requires resolution of a substantial question

of federal law in dispute between the parties. A substantial portion of Plaintiff's claims

comprise alleged torts involving the Federal Truth in Lending Act.

## V.    COMPLETE DIVERSITY OF CITIZENSHIP OF PARTIES IS NOT PRIMARY ISSUE, MORE IMPORTANTLY, THAT ONLY FEDERAL COURT HAS JURISDICTION OVER ALL DEFENDANTS.

Plaintiff never alleged complete diversity in her filings. Several Defendants

committed alleged torts within the state of Alabama but either have moved

subsequently or never resided within the state of Alabama. Additionally, some of

the alleged tortuous acts involving Defendants residing outside of the state of

Alabama, but were committed by and through the United States Mail and via

telephone. U.S.C.A. Const. Amend. 14; Massachusetts General Laws Ch 223A §

3(a). *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F. 3d 42

(1st Cir. 2002). Amendment 14 reads in relevant part, thusly;

> (a) Transmission of facts or information into Massachusetts via telephone or mail would constitute evidence of a jurisdictional contact directed into the forum state for purposes of Massachusetts long-arm statute and due process clause.

The ability for Plaintiff to receive relief due her in said action is dependent

upon the Court to have jurisdiction over ALL Defendants which is only available

through the federal court. (2 A.L.R. Fed.18) states in part that, "where multiple

defendants are sued under circumstances indicating the existence of joint liability

or concerted wrongful action or conspiracy, aggregation may be allowed".

## VI.    DEFENDANTS ARE DUE TO BE DENIED COSTS AND ATTORNEYS FEES.

As Rubenstein's supporting brief demonstrates, her right to file said separate cause of action within the federal court is supported by *See Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425 which states in relevant part, "A plaintiff is, necessarily, the "master of his complaint" and may choose either federal or state jurisdiction". Based upon the lack of regard for the law exercised in the State court, Plaintiff can be assured that the State court would indeed dismiss her case, sans grounds. Your Plaintiff would assuredly be deprived of her right to due process of law as found in the Fifteenth Amendment to the Constitution if her cause of action is remanded to State court. Additionally, Plaintiff filed a Motion, which is currently before the State court, requesting that Jeffrey Bauman and Betty Jo Bauman be allowed to be removed as Defendants and to be added as Plaintiff's in case No. CV-02-5063 and in the above referenced matter. Plaintiff's motions state in part that, "said Defendants committed no tortuous actions and are in fact due to be allowed to receive relief in these matters".

## VII.    PLAINTIFF IS ENTITLED TO A CHANGE OF VENUE.

In that the federal court is the proper venue for these proceedings, Plaintiff is due to be granted her request for a change of venue in due in part in the interest of justice, 28 U.S.C.A. § 1404 (a). In that the deceased was a well known businessman in Houston County and that it would be difficult at best to find jurors who had no business or social relationship with any of the Defendants, Plaintiff is due to be granted her request for change of venue within the federal courts.

6

## VIII. PLAINTIFF'S CAUSE OF ACTION BELONGS IN FEDERAL COURT NOT STATE COURT.

Rule 61 of the Federal Rules of Civil Procedure states in part that; "The court at every stage of the proceedings must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties". Your Plaintiff may have erred in titling her initial Motion before this Court. It may have been correct to have filed a PETITION FOR REMOVAL OF A PENDING STATE COURT ACTION TO FEDERAL COURT. Nonetheless, Your Plaintiff is prepared to show unto this Court that not a single one of her allegations is frivolous, or is made with any intent to harass the Defendants. Plaintiff's allegations constitute specific wrongs which she was able to expose even without benefit of Court Ordered discovery. Each and every one of the alleged tortuous actions specified in her Complaints has caused said Plaintiff substantial hardship in addition to mental and physical duress.

## IX.    CONCLUSION.

Based on the foregoing, Plaintiff respectfully submits that the cause of action which is before  this Court, is entirely independent of any Order or Ruling involving current issues in the State Court, or in the Alabama Appellate Court. , Therefore based upon new allegations encompassing the alleged tortuous actions of certain Defendants involving predominately Constitutional and Federal Law, said Defendants are due to be denied their Motion to Remand.

Respectfully submitted,

7

KATHRYN BAUMAN RUBENSTEIN, Pro Se
Post Office Box 2243
Dothan, Alabama 36302
Telephone (334) 803-2526

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING TO: Jeffrey D. Bauman, Pro Se, P.O. Box 1956, Dothan, 36302, William L. Lee, III, Esq. P.O. Box 1665, Dothan, AL 36302 & Stephen G. McGowan, Esq. P.O. Box 2101,. Dothan, Alabama 36302, William Hinesley, P.O. Box 2246, Dothan, AL 36302, Lexa Dowling, Esq., P.O. Box 1193, Dothan, AL 36302, Joel Weatherford, Esq., Farmer, Price, Hornsby & Weatherford, P.O. Drawer 2228, Dothan, AL 36302, Don Bennett, Esq., P.O. Box 1392, Dothan, AL 36302, Mike Conaway, Esq. 360 N. Oates, St. Dothan, AL 36303, Tommy Scarborough, Esq. 119 S. Foster St. Dothan, AL 36301, Jere Segrest, Esq., P.O. Box 1469, Dothan, AL 36302, Wallace Cooley, 6130 Eddins Road, Dothan, AL 36303, Tom Zeigenfelder, 1142 Appian Way, Dothan, AL 36303, Zeigooley, Inc. 6130 Eddins Road, Dothan, AL 36303, Arthur Medley, Esq., 114 N. Oates Street, Dothan, AL 36303, Margaret Johnson, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, PeopleSouth Bank, 109 East Church St., Columbia, AL 36319, MidSouth Bank, P.O. Drawer 1001, Ashford, AL 36312, CB&T Bank, 901 N. Boll Weevil Circle, Enterprise, AL 36330, Richard Fox, Capital City Bank, P.O. Box 900 Tallahassee Florida, 32303, Carl E. Jones, Jr., 1510 Smolian Place. Birmingham, AL 35205, Anne

8

Chandler, 117 Travis Lane, Slocomb, AL 36375, Robert Merrill Girardeau, Esq., Three

Protective Center, 2801, Highway 280 South, Suite 200, Birmingham, AL. 35223, Jeffrey

Neil Windham, Esq., Three Protective Center, 2801, Highway 280 South, Suite 200,

Birmingham, AL. 35223, by placing a copy of the same in the United States Mail,

properly addressed and postage prepaid, this1st day of November, 2006:


_____
KATHRYN BAUMAN RUBENSTEIN, Pro Se
Post Office Box 2243
Dothan, Alabama 36302
Telephone (334) 803-2526

9

**DOCUMENT (Doc. 1).**

# IN THE CIRCUIT COURT OF
## HOUSTON COUNTY, ALABAMA

KATHRYN BAUMAN RUBENSTEIN        }

      Plaintiff,        }

Vs.        }        CASE NO.  CV-02-5063

BETTY JO BAUMAN        }
MARILYN BAUMAN GRANGER
BARBARA BAUMAN KAMINSKY        }
JEFFREY BAUMAN
and        }
REGIONS BANK,
      a State of Alabama Corporation        }
Defendant A, B, and C are those persons
firms, corporations, agents, or employees
who acted negligently and/or negligently
trained/ or supervised the agent/employees
of Defendant Regions Bank; Defendants
D,E and F are those persons, firms, or
Corporations who acted wantonly, and
Defendants G, H, and I are those certain
third parties whose identies are not known
at this time, but, pursuant to further
discovery, expect to be ascertainable
and identified, all made the basis of
the Plaintiff's/Contestant's Complaint

      Defendants.        }

FILED

JUN 1 9 2003

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

## PLAINTIFF'S AMENDED COMPLAINT TO CONTEST WILL OF DECEDENT AND SET ASIDE REVOCABLE TRUST AGREEMENT

Comes now the Plaintiff/Contestant,  Kathryn Bauman Rubenstein, by and through her attorney of record, and, pursuant to A.R.C.P. 15(a), does hereby file this her

1

amended complaint in the above styled pending cause of action, and would state the following, to-wit:

1.      That, the plaintiff is a daughter of the decedent and a citizen and resident of Greenwich, Connecticut, residing at 44 Church Street West, Greenwich, Connecticut, 06830

2.      That, the Defendant, Betty Jo Bauman, is the surviving spouse of the decedent, residing at 601 Jamestown, Dothan, Alabama    36301.    Said Defendant is incapacitated, and her guardian is Lexa Dowling, Esq., a practicing attorney in Dothan, Alabama

3.      That, the Defendant, Marilyn Bauman Granger, is a daughter of the decedent and a resident of North Carolina.  Her mailing address is P.O. Box 488, Bryson City, North Carolina  28713-0488

4.      That, the Defendant, Barbara Bauman Kaminski is a daughter of the decedent and resident of Georgia.  Her mailing address is 6930 Wethersfield Road, Columbus, Georgia  31904-3709

5.      That, the Defendant, Jeffrey Daniel Bauman is a son of the decedent and a resident of Alabama.  His mailing address is Post Office Box 1956, Dothan, Alabama 36302-1956.

6.      That, Regions Bank is a State of Alabama corporation, organized in Jefferson County, Alabama, and doing business in Dothan, Alabama, Houston County.

7.      That, the Plaintiff/Contestant, Kathryn Bauman Rubenstein, files this contest in writing of the purported Last Will and Testament of the said decedent

bearing the date of the 15th day of June, 2000, said Last Will incorporating and creating a revocable trust agreement known as the "Theodore Julius Bauman Revocable Trust Agreement ", which has been admitted to Probate in the Probate Court of Houston County, Alabama on October 2, 2001.

8.    That, the Plaintiff/Contestant avers that the said Will and Revocable Trust Agreement were not executed in the mode and manner prescribed by law, as more particularly described hereinbelow.

9.    The Plaintiff/Contestant avers that said instruments admitted to probate and contested herein are not the true Last Will and Testament and Revocable Trust Agreement of the decedent, as more particularly alleged hereinbelow.

10.    That, the Plaintiff/Contestant herein avers that the decedent was of unsound mind and mentally incompetent and did not possess testamentary capacity to make and execute a will on the 15th day of June, 2000.

11.    That, the Plaintiff/Contestant herein allege that the will and Revocable Trust Agreement dated the 15th day of June, 2000, was procured through undue influenced exercised upon the decedent by one or more of the distributees of the estate and other third parties not known at this time, but, after further discovery and due diligence, will be supplemented as Defendants in this pending cause of action.

12.    That,   the Plaintiff/Contestant alleges that the purported Last Will and Testament of the Decedent , together with said Revocable Trust Agreement, is not the true last will and testament of the deceased,  in that the alleged signatures of the deceased are not  his true and genuine signatures

3

13.    That, Plaintiff/Contestant further avers that Defendant, Regions Bank, as Trustee under said Revocable Trust, has negligently and wantonly breached their fiduciary duty, in that said Defendant has been, and continues to be wanton and negligent, in that they have:

     **\*\*\*\*\*mismanaged trust finances**

     **\*\*\*\*\*Disbursed trust funds without written authority**

     **\*\*\*\*\*Refused to provide to the Plaintiff/Contestant an accounting of said Trust**

     **\*\*\*\*\*sold real property for less than fair market value**

14.    That, as a proximate result of Defendant Region Bank's negligence and wantonness, the Estate has been caused to loose substantial value

15.    That, Defendant Bank's acts and/or omissions as set forth in Paragraph 13 above constitutes negligence and wantonness.

16.    That, Plaintiff/Contestant demands judgment against the Defendants for compensatory and punitive damages in an amount deemed necessary and proper by the jury,


Wherefore, Contestant prays that this Court will set this matter for hearing and that the issues involved herein will be made up and tried in this Court to determine whether the said will is the trust Last Will and Testament, together with said Revocable Trust Agreement, of the said decedent. The Plaintiff/Contestant prays for such other, further, or more general relief to which she may, in equity and good conscience, be entitled.

Respectfully submitted this 12th day of June, 2003.

## PLAINTIFF/CONTESTANT DEMAND TRIAL BY JURY PURSUANT TO A.R.C.P RULE 38(b)


_____
Bruce B. Stone (ST0046)
For the firm

OF COUNSEL:
SHIELDS, RATLIFF, GREEN & KERN, P.C.
Bruce B. Stone (STO046)
Richard E. Shields (SHI011)
Post Office Box 2353
Mobile, Alabama  36652
Phone: (251)432-1656
Fax:    (251)432-3357


## CERTIFICATE OF SERVICE

I, Bruce B. Stone, do hereby certify that I have served a copy of the foregoing pleading upon the following, via U.S.  First Class Mail, properly addressed and postage prepaid, and Facsimile, on this the 12th day of June, 2003.


Hon.  Joel W. Weatherford
Farmer, Price,  Hornsby & Weatherford, LLP
Post Office Drawer 2228
Dothan, Alabama  36302

Hon.  William L. Lee, III
Lee & McInish, P.C.
Post Office Box 36302
Dothan, Alabama  36302

**DOCUMENT (Doc. 2).**

# IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

Case No. CV-2002-5063

BETTY JO BAUMAN, et al.,

*Defendants.*

## ORDER

This case has been set for trial on October 13, 2005, to try the limited issues of the genuineness of the signatures of Ted Bauman on a will and on a trust. The court will strike a jury on October 13, 2005. Any proposed voir dire questions for qualifying the jury must be submitted to the court and opposing counsel prior to the commencement of the trial.

The undersigned judge has long-standing plans to be out of his office on vacation and generally unavailable for the period of time from October 5 through October 12, 2005. Any procedural questions or motions must be received on or before October 3, 2005 in order to have any possibility of being dealt with prior to the commencement of trial. Since the issues for trial on October 13 and 14, 2005 are not complicated, this should present no problem.

The undersigned judge has previously ordered that no party appearing *pro se* or attorney is to attempt to engage the undersigned judge in *ex parte* communications. Mrs.Kathryn Bauman Rubenstein has contacted the office of the undersigned judge on several occasions asking various procedural questions and in one instance asking for clarification of orders. Mrs. Rubenstein is reminded that this court is not permitted to

engage in *ex parte* communications and will not do so either directly or indirectly. The court believes all of its orders to be clear, and to the extent that anyone needs to discuss the meaning of any order, the discussion will take place at a duly scheduled hearing in which everyone has notice and an opportunity to be present.

The Court notes that a number of the motions pertaining to discovery and some of the discovery that is proposed appear likely to be addressed to issues other than the issues that are set for jury trial on October 13 & 14, 2005. Since the determination of many issues involved in this litigation is likely to be affected by the outcome of the October 13 and 14 trial, the court urges the parties to await the outcome of that trial prior to engaging in general discovery unrelated to the genuineness of the signatures of Ted Bauman on a will and a trust.

The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this 26th day of September, 2005.

_____
DALE SEGREST, Special Circuit Judge

FILED

SEP 2 6 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

**DOCUMENT (Doc. 3).**

*1:06CV955-MH*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

**RECEIVED**

**KATHRYN BAUMAN RUBENSTEIN,**

2006 OCT 20  P 2: 27

Plaintiff,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.

**BETTY JO BAUMAN, MARILYN BAUMAN GRANGER, BARBARA BAUMAN KAMENSKY, JEFFREY BAUMAN, REGIONS BANK, REGIONS MORTGAGE, BRIAN BICKHAUS, RICHARD FOX, ROBERT BIRMINGHAM, PAT BLACK, G. DAVID JOHNSTON, DON P. BENNETT, NANETTE PITCHER, PITCHER AND ASSOCIATES, DIANNE REAM, D. REAM PROPERTIES, ANN CHANDLER, MARIE W. BAUMAN, ALLAN E. KAMENSKY, BENNIE WAYNE GRANGER, ROSS KENNEDY, MCDANIEL AND ASSOCIATES, LEXA DOWLING, FAYE FERRELL, DOUG MCKEOWN, WALLACE COOLEY, TOM ZEIGENFELDER, ZEIGOOLEY, INC., MARGARET JOHNSTON, HOUSTON COUNTY DEPARTMENT OF HUMAN RESOURCES, LEXA DOWLING, MICHAEL CONOWAY, CARL E. JONES, JR., D. BRYAN JORDAN, BOYD HORN, BOYD HORN, PEOPLESOUTH BANK, COMMUNITY BANK AND TRUST, MIDSOUTH BANK, GRANGER LIMITED, TOMMY SCARBOROUGH, JERE SEGREST,**

Defendants.

Case No. CV02-5063 (Houston County Circuit Court) **FILED**

October 20, 2006

OCT 2 3 2006

### NOTICE OF REMOVAL

### MOTION FOR CHANGE OF VENUE

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

## TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

**Petitioner, Kathryn Bauman Rubenstein** desires to exercise her rights under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the Circuit Court of the Trial Court of Houston County, Alabama, in which said action is now pending under the above-captioned title.

1

This is an action in which the District Courts of the United States have been given jurisdiction upon each of the following bases:

1. Your Plaintiff is currently a resident of the state of Florida, and holds a drivers license and voter registration with said state. At the time of the original filing of the above referenced complaint, Your Plaintiff was a legal resident of the state of Connecticut.

2. 28, U.S.C., IV, Chapter 85, 1332 Diversity of Citizenship and shows unto this Court that September 22, 2006, Your Petitioner amended her original complaint and added defendants of which are legal residents of states other than Alabama. Your Petitioner further shows unto this Court that the amount in controversy far exceeds $75,000.

### A. This Action Is Founded In Federal Law And Arises Under The Laws Of The United States

3. In the amended action, Plaintiff seeks to recover from defendants damages related to Title 39 U.S.C.,V, regarding defrauding Plaintiff utilizing the United States Mail.

4. Your Plaintiff seeks to recover damages from defendants related to 26, U.S.C., (A), involving defrauding Plaintiff by and through filing fraudulent Income Taxes with the Internal Revenue Service.

5. Your Plaintiff seeks to recover damages from defendants in her amended complaint related to 26 U.S.C., (B), §11 through fraudulent Estate Tax filings with the Internal Revenue Service.

6. Plaintiff seeks to recover damages from defendants utilizing 26, U.S.C., (B), § 12, for filing fraudulent or lack of, Gift Taxes with the Internal Revenue Service.

7. Plaintiff in her amended complaint seeks to recover damages from defendants related to 31, U.S.C., III, § 3302 related to conspiracy to defraud plaintiff through fraudulent Lending of Money.

8. Plaintiff seeks to recover damages from defendants related to 35 U.S.C., II, involving fraudulent Accounting.

9. Plaintiff seeks to recover damages from defendants involving defrauding Plaintiff by and through Civil RICO Statutes § 1962 (C).

10. In the amended action, Plaintiff seeks to recover from defendants damages related to Title 49 U.S.C., II, involving defrauding Plaintiff by and through Interstate Transportation.

11. In the amended action, Plaintiff seeks to recover from defendants damages related to 47 U.S.C., § 8, involving defrauding Plaintiff by and through the use of intra and interstate telecommunication.

12. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Circuit Court of Houston County, Alabama.

13. Pursuant to the Local Rules of the United States District Court for the Middle District of Alabama, Plaintiff files this day with this Court copies complete records of filings filed with the Houston County Circuit Court of Alabama.

14. Plaintiff reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, your petitioner hereby removes the action now pending in the Houston County Circuit Court, Alabama, Docket No. CV-02-5063, to this Court.

YOUR Plaintiff Shows unto this Court that it would be difficult if not impossible to strike a jury of impartial citizens in Houston County Alabama who had no knowledge of, or business or social, relationship, with any of the defendants named in this cause of action.

Section 1404(a) of 28 U.S.C. provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

3

Regions Financial's corporate headquarters is in Birmingham, Alabama, Jefferson County therefore, your Plaintiff might have brought this action in the Alabama Northern District, Southern Division.

THEREFORE, Your Plaintiff is due to be granted a CHANGE OF VENUE in the above proceedings.

Respectfully submitted,

Kathryn Bauman Rubenstein, Pro Se (Plaintiff)

P.O. Box 2243

Dothan, Alabama 36302

(334) 803-2526

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING TO: Jeffrey D. Bauman, Pro Se, P.O. Box 1956, Dothan, 36302, William L. Lee, III, Esq. P.O. Box 1665, Dothan, AL 36302 & Stephen G. McGowan, Esq. P.O. Box 2101,. Dothan, Alabama 36302, William Hinesley, P.O. Box 2246, Dothan, AL 36302, Lexa Dowling, Esq., P.O. Box 1193, Dothan, AL 36302, Joel Weatherford, Esq., Farmer, Price, Hornsby & Weatherford, P.O. Drawer 2228, Dothan, AL 36302, Don Bennett, Esq., P.O. Box 1392, Dothan, AL 36302, Brian Bickhaus, 3201 Ross Clark Circle, Dothan, AL 36303, Pat Black, 3201 Ross Clark Circle, Dothan, AL 36303, Deep South Development, 141 North St. Andrews St. Dothan, AL 36303, Nanette Pitcher, P.O. Box 56, Dothan, AL 36302, Pitcher & Associates, P.O> Box 56, Dothan, AL 36302, Mike Conaway, Esq. 360 N. Oates, St. Dothan, AL 36303, Tommy Scarborough, Esq. 119 S. Foster St. Dothan, AL 36301, Jere Segrest, Esq., P.O. Box 1469, Dothan, AL 36302, Dianne Reams, 1133 W. Main Street, Dothan, AL 36301, D. Ream Properties, 1133 W. Main Street, Dothan, AL 36301, Marie W. Bauman 1081 Lucy Lane, Dothan, AL 36301, Ross Kennedy 101 Executive Park Drive, Dothan, AL 36303, Faye Ferrell, 114 E. Troy Street, Dothan, AL 36301, Doug McKeown, 114 East Troy Street. Dothan, AL 36301, Wallace Cooley, 6130 Eddins Road, Dothan, AL 36303, Tom Zeigenfelder, 1142 Appian Way, Dothan, AL 36303, Zeigooley, Inc. 6130 Eddins Road, Dothan, AL 36303, Arthur Medley, Esq., 114 N. Oates Street, Dothan, AL 36303, Margaret Johnson, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, PeopleSouth Bank, 109 East Church St., Columbia, AL 36319, MidSouth Bank, P.O> Drawer 1001, Ashford, AL 36312, CB&T Bank, 901 N. Boll Weevil Circle, Enterprise, AL 36330, Richard Fox, 475 Turnstone Dr. Boca Grande, FL 33921, Boyd Horn, 403 Live Oak Trail, Dothan, AL 36305, Carl E. Jones, Jr., 417 20th St. Birmingham, AL 35202, D. Bryan Jordan, 417 20thy Street, Birmingham, AL 362020. Robert Birmingham, Regions Bank, 8 Commerce Street, Montgomery, AL 36104, Anne Chandle, 117 Travis Lane, Slocomb, AL 36375, by placing a copy of the same in the United States Mail, properly addressed and postage prepaid, this 23 rd day of October 2006:

*1510 Smith Place, Bham 35205*

KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526

**DOCUMENT (Doc. 4).**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06cv955-MHT |
| | ) | |
| BETTY JO BAUMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

It is ORDERED that the motion to remand (doc. no. 8)

is set for submission, without oral argument, on November

1, 2006, with all briefs due by said date.

DONE, this the 27th day of October, 2006.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

MIME-Version:1.0 From:efile_notice@almd.uscourts.gov To:almd_mailout@almd.uscourts.gov Bcc: Message-Id:<626320@almd.uscourts.gov>Subject:Activity in Case 1:06-cv-00955-MHT-CSC Rubenstein v. Bauman et al "Order" Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing
The following transaction was received from cc, entered on 10/27/2006 at 3:44 PM CDT and filed on 10/27/2006

| | |
|---|---|
| **Case Name:** | Rubenstein v. Bauman et al |
| **Case Number:** | 1:06-cv-955 |
| **Filer:** | |
| **Document Number:** | 10 |

**Docket Text:**
ORDER re [8] MOTION to Remand; Motion Submission Deadline set for 11/1/2006, with all briefs due by said date. Signed by Judge Myron H. Thompson on 10/27/2006. (cc, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=10/27/2006] [FileNumber=626318-0
] [1ea0655feecf16bca9d71375609ab00eba21ac748cfbd949d57fc943af29b6d3d4b
4e7d90fe915d8d3b823f37ec38049d0389efd22ea91065798390f24b94844]]

**1:06-cv-955 Notice will be electronically mailed to:**
Jack Michael Conaway    jmclaw@graceba.net,
Robert Merrill Girardeau    rmg@hfsllp.com, jss@hfsllp.com
William Wallace Hinesley    whinesley@jhfc-law.com, mchancey@jhfc-law.com
William Lovard Lee , III    wlee3@leeandmcinish.com, lisar@leeandmcinish.com
Steve G. McGowan    wula@aol.com, anlee04@hotmail.com
William W. Nichols    wnichols@leeandmcinish.com, cassandra@leeandmcinish.com
Jere C. Segrest    jerecs@aol.com
Joel William Weatherford    jweatherford@fphw-law.com
Jeffrey Neil Windham    jnw@hfsllp.com, jss@hfsllp.com
**1:06-cv-955 Notice will be delivered by other means to:**

Jeffrey Bauman
P.O. Box 1956
Dothan, AL 36302
Don P. Bennett
141 N. St. Andrew St.
Dothan, AL 36303
Brian Bickhaus
c/o Regions Bank
3201 Ross Clark Cir
Dothan, AL 36303
Robert Birmingham
Regions Bank
8 Commerce St.
Montgomery, AL 36104
Pat Black
Regions Trust Department
3201 Ross Clark Cir
Dothan, AL 36303
Ann Chandler
177 Travis Lane
Slocomb, AL 36375
Community Bank & Trust
901 N Boll Weevil Cir
Enterprise, AL 36330
Michael Conaway
360 N. Oates St.
Dothan, AL 36303
Wallace Cooley
6130 Eddins Rd
Dothan, AL 36303
Lexa Dowling
185 N. Oates St.
Dothan, AL 36303
Lexa E. Dowling
Buntin, Etheredge & Dowling
P. O. Box 1193
Dothan, AL 36302-1193
Faye Ferrell
114 E. Troy St.
Dothan, AL 36301
Richard Fox
475 Turnstone Dr.
Boca Grand, FL 33921
Boyd Horn
403 Live Oak Trail
Dothan, AL 36305
Margaret Johnston

Carl E. Jones
c/o Regions Bank
417 20th St.
Birmingham, AL 35202
D. Bryan Jordan
c/o Regions Bank
417 20th St.
Birmingham, AL 35202
Doug McKeown
114 E. Troy St.
Dothan, AL 36301
Midsouth Bank N.A.
P.O. Box 101
Ashford, AL 36312
PeopleSouth Bank
108 E. Church St.
Columbia, AL 36319
Nanette Pitcher
1133 W. Main St.
Dothan, AL 36301
Pitcher & Associates
1133 W. Main St.
Dothan, AL 36301
Dianne Ream
1133 W. Main St.
Dothan, AL 36301
Ream Properties
1133 W. Main St.
Dothan, AL 36301
Regions Mortgage
3201 Ross Clark Circle
Dothan, AL 36303
Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302
Tommy Scarborough
119 S. Foster St.
Dothan, AL 36301
Jere C. Segrest
212 N. Lena St.
Dothan, AL 36303
Tom Zeigenfelder
1142 Appian Way
Dothan, AL 36303
Zeigooley, Inc.
6130 Eddins Rd

**DOCUMENT (Doc. 5).**

IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHRYN BAUMAN RUBENSTEIN, §
§
    PLAINTIFF, §
§
VS. §    CASE NO.: 1:06-cv-955-MHT
§
BETTY JO BAUMAN, ET AL. §
§
    DEFENDANTS. §
§

## MOTION TO REMAND

COME now Defendants, Barbara Kamensky (incorrectly named as Barbara Bauman Kaminsky), Marilyn Granger, Allan E. Kamensky (in correctly named as Alan E. Kamensky), Bennie Wayne Granger (incorrectly named as Benjamin Wayne Granger), and Granger Unlimited, Inc. (incorrectly named as Granger Unlimited), without waiving any pending motions, and move this Court for an order remanding the above case back to the Circuit Court of Houston County on the following grounds:

### I.    FACTS/PROCEDURAL HISTORY.

A.    Procedurally, this case began on April 2, 2002 when the Plaintiff, Kathryn Rubenstein ("Rubenstein") filed a pro se complaint in the Circuit Court of Houston County contesting her father, Theodore Bauman's, Last Will and Testament ("Will") and seeking to set aside his revocable trust agreement ("Trust") on the grounds that when he executed the documents he was not of sound mind and acted under duress and undue influence.

B.    The Defendants to the original action included Betty Jo Bauman (Ted Bauman's surviving spouse), all of Mr. Bauman's children (including Barbara Kamensky and Marilyn Granger) and Regions Bank.

C.    Rubenstein later amended her complaint in State court to allege that her father's signature on the Will and Trust were forged.

D.    After four (4) years of discovery, motions, hearings, two (2) appeals to the Alabama Court of Civil Appeals and three (3) judges, a lot of Rubenstein's claims have been dismissed.

E.    Presently pending is Rubenstein's second appeal to the Court of Civil Appeals (No. 2050386) challenging the proprietary of summary judgment on her forgery claims.

F.    Rubenstein recently filed numerous amended complaints adding thirty-six (36) new defendants, five (5) of whom are attorneys practicing law in Alabama.

G.    On or about October 20, 2006, Rubenstein, as a Plaintiff, filed pleadings purporting to remove her own lawsuit to the United States District Court for the Middle District of Alabama alleging complete diversity of citizenship between and among the defendants and federal question jurisdiction by virtue of various federal statutory claims.

H.    The Defendants have filed this motion to remand the case back to the Circuit Court of Houston County.

II.    **ARGUMENTS.**

A.    *Rubenstein as a Plaintiff cannot remove this case to Federal court.*

Pursuant to the plain language of 28 U.S.C. § 1441, the right of removal is available only to a Defendant. *See also* 28 U.S.C. § 1446 ("A defendant or defendants desiring to removal any civil action . . . from a State court shall file . . ."); *Conner v. Salzinger*, 457 F. 2d 1241 (3d Cir. 1972) ("It is settled that the cited removal statute confines the right of removal from a State court to a Federal district court to a *defendant or defendants*"); *Reiter Oldsmobile v. General Motors*, 477 F. Supp. 125 (D.C. Mass. 1979) ("Only a defendant may remove under 28 U.S.C. § 1441"). Because Rubenstein is the Plaintiff in the underlying state court action who chose the Circuit Court of Houston County as her forum to file and litigate her suit for four (4) years, she has no legal authority to now remove the case to this Court. Therefore, this Court is urged to remand the case.

**B.    *There is no complete diversity of citizenship.***

One of Rubenstein's grounds for removal is that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 as is required by 28 U.S.C. § 1332. Although the amount in controversy may in fact exceed $75,000.00, the Defendants are not completely diverse. Several of the Defendants, including Jeffrey Bauman, Brian Bickhaus, Robert Birmingham, Pat Black, David Johnston, Don Bennett, Nanette Pilcher, Pitcher & Associates, Diane Ream, Ann Chandler, McDaniel & Associates, Lexa Dowling, Faye R. Ferrell, Doug McKeown, Wallace Cooley, Tom Zeigenfelder, Zeigooley, Inc., Margaret Johnson, Houston County Department of Human Resources, Michael Conaway, Carl E. Jones, D. Bryan Jordan, Boyd Horne, Tommy Scarborough and Jere Segrest, are resident citizens of the State of Alabama. 28 U.S.C. §

1441(b) provides that when removal is based on diversity of citizenship none of the parties in interest properly joined and served as defendants can be citizens of the State in which the action is brought. Because most of the defendants in this action are citizens of Alabama, where Rubenstein's action was brought, the action cannot be removed to this Court based on diversity of citizenship and should, therefore, be remanded.

### C.    *Rubenstein's Notice of Removal is untimely.*

28 U.S.C. § 1446(b) provides that a case can not be removed on the basis of diversity of citizenship more than one (1) year after commencement of the action. Rubenstein's original lawsuit has been pending in the Circuit Court of Houston County since April 2, 2002. Thus, her Notice of Removal is untimely and the case should be remanded.

### III.    CONCLUSION.

Because Rubenstein is not permitted to remove her own case to Federal court, because there is no complete diversity of citizenship and because her Notice of Removal is untimely, the Defendants urge this Court to remand the case back to the Circuit Court of Houston County where it has been pending for four (4) years.

Respectfully submitted,

**LEE & MCINISH, P.C.**

*/s/ William L. Lee, III*
William L. Lee, III (LEE007)
*Attorney for Barbara Kamensky, Marilyn Granger, Allan E. Kamensky, Bennie Wayne Granger and Granger Unlimited, Inc.*

*/s/ William W. Nichols*

William W. Nichols (NIC027)
*Attorney for Barbara Kamensky, Marilyn Granger, Allan E. Kamensky, Bennie Wayne Granger and Granger Unlimited, Inc.*

OF COUNSEL:
***Lee & McInish Attorneys, P.C.***
238 West Main Street (36301)
Post Office Box 1665
Dothan, Alabama 36302
Tel:   334/792-4156
Fax:   334/794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Jack Michael Conaway, Esq., Lexa E. Dowling, Esq., Jere C. Segrest, Esq., Joel William Weatherford, Esq., William Wallace Hinesley, Esq., Steve G. McGowan, Esq., Robert Merrill Girardeau, Esq., Jeffrey Neil Windham, Esq. and certify that I have this day served a copy of the foregoing pleading upon the below listed by placing the same in the United States Mail with adequate postage affixed thereto and addressed properly, to wit:

Ms. Kathryn Bauman Rubenstein
Post Office Box 2243
Dothan, Alabama 36302

Mr. Jeffrey Bauman
Post Office Box 1956
Dothan, Alabama 36302-1956

David Johnston, Esq.
Post Office Box 2246
Dothan, Alabama 36302

Tommy Scarborough, Esq.
119 S. Foster St., Ste. 101
Dothan, Alabama 36301

Don Bennett, Esq.
Post Office Box 1392
Dothan, Alabama 36302

Mr. Brian Bickhaus
3201 Ross Clark Circle
Dothan, Alabama 36303

Pat Black
3201 Ross Clark Circle
Dothan, Alabama 36303

Deep South Investments
141 North St. Andrews Street
Dothan, Alabama 36303

Nanette Pitcher
1133 West Main Street
Dothan, Alabama 36301

Pitcher & Associates
1133 West Main Street
Dothan, Alabama 36301

Dianne Reams
1133 West Main Street
Dothan, Alabama 36301

Ream Properties
1133 West Main Street
Dothan, Alabama 36301

Ann Chandler
201 Church Street
Ashford, Alabama 36312

Marie White Bauman
108 Lucy Lane
Dothan, Alabama 36301

Houston County DHR
3201 Ross Clark Circle SE
Dothan, Alabama 36301

Faye Ferrell
114 East Troy Street
Dothan, Alabama 36301

Doug McKeown
114 East Troy Street
Dothan, Alabama 36301

Wallace Cooley
6130 Eddins Road
Dothan, Alabama 36303

Tom Zeigenfelder
2501 West Main Street
Dothan, Alabama 36301

Zeigooley, Inc.
6130 Eddins Road
Dothan, Alabama 36303

Mr. Arthur Medley
Post Office Box 1632
Dothan, Alabama 36302

Margaret Johnson
Houston County DHR
3201 Ross Clark Circle SE
Dothan, Alabama 36301

PeopleSouth Bank
109 East Church Street
Columbia, Alabama 36319

MidSouth Bank
Post Office Drawer 1001
Ashford, Alabama 36312

CB&T
901 N. Boll Weevil Circle
Enterprise, Alabama 36330

Richard Fox
475 Turnstone Drive
Boca Grande, Florida 33921

Boyd Horn
403 Live Oak Trail
Dothan, Alabama 36305

Carl E. Jones, Jr.
417 20th Street
Birmingham, Alabama 35202

D. Bryan Jordan
417 20th Street
Birmingham, Alabama 35202

Dated this the 25th day of October, 2006.

/s/ William W. Nichols
Of Counsel

**DOCUMENT (Doc. 6).**

# IN THE CIRCUIT COURT OF
# HOUSTON COUNTY, ALABAMA

KATHRYN BAUMAN RUBENSTEIN )
)
       **Plaintiff,** )      **CASE NO: CV 02-5063**
)
**Vs.** )
)
**BETTY JO BAUMAN** )
**MARILYN BAUMAN GRANGER** )
**BARBARA BAUMAN KAMINSKY** )
**JEFFREY BAUMAN** )
**REGIONS BANK,** )
**REGIONS MORTGAGE** )
**BRIAN BICKHAUS,** )
      **Trust Officer,CEO, Regions Bank,** )
      **Dothan, Alabama** )
**RICHARD FOX,** )
      **Former Trust Officer, Regions Bank,** )
      **Dothan, Alabama** )
**ROBERT BIRMINGHAM,** )
      **Former Trust Officer, Regions Bank,** )
      **Dothan, Alabama** )
**PAT BLACK** )
      **Secretary, Regions Trust Department** )
      **Dothan, Alabama** )
**G. DAVID JOHNSTON, Esq.** )
**DON P. BENNETT, Esq.** )
**NANETTE PITCHER** )
**PITCHER & ASSOCIATES** )
**DIANNE REAM** )
**REAM PROPERTIES** )
**ANN CHANDLER** )
**MARIE W. BAUMAN** )
**ALAN E. KAMENSKY, Esq.** )
**BENJAMIN WAYNE GRANGER** )
**ROSS KENNEDY,** )
      **Accountant, McDaniel & Associates** )
**McDaniel & Associates** )
**LEXA DOWLING, Esq.** )
**FAYE FERRELL, M.D.** )

| | |
|---|---|
| **DOUG MCKEOWN , Ph. D.** | ) |
| **WALLACE COOLEY** | ) |
| **TOM ZEIGENFELDER** | ) |
| **ZEIGOOLEY INC.** | ) |
| **MARGARET JOHNSTON** | ) |
| **HOUSTON COUNTY DEPARTMENT OF** | ) |
| **HUMAN RESOURCES** | ) |
| **All made, the basis of the Plaintiff's/** | ) |
| **Contestants Complaint** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF/CONTESTANT'S AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Kathryn Bauman Rubenstein, acting Pro Se,

AND, PURSUANT TO *Alabama Rules of Civil Procedure* 15(a) does hereby file this her

amended complaint to that filed with this Court June 13, 2003  in the above styled

pending cause of action, and would state the following, to-wit;

Wherein Theodore Julius Bauman, also known as, Ted Bauman with regard to the

Motion herein, will be known as "Decedent".

1.   THAT, the Plaintiff/Contestant is a daughter of the Decedent, her mailing

address is P.O. Box 2243, Dothan, Alabama 36302;

2.   THAT, Defendant, Betty Jo Bauman, is the sole surviving spouse of the

Decedent, residing at 601 Jamestown, Dothan, Alabama 36302;

3.    THAT, the Defendant, Marilyn Bauman Granger, is a daughter of the

Decedent and a resident of North Carolina.  Her mailing address is P.O. Box

488, Bryson City, North Carolina 28713-0488;

4.    THAT, the Defendant, Barbara Bauman Kamensky is a daughter of the

Decedent and resident of Georgia.  Her mailing address is, Columbus, Georgia

31904-3709;

5.    THAT, the Defendant, Jeffrey Daniel Bauman is a son of the decedent and a

resident of Alabama.  His mailing address is Post Office Box 1956, Dothan,

Alabama 36302;

6.    THAT, the Defendant Regions Bank is a State of Alabama Corporation,

organized in Jefferson County, Alabama, and doing business in Dothan,

Alabama, Houston County;

7.    THAT, Brian Bickhaus, is a trust officer with Regions Bank, Dothan Alabama

and his address is 3201 Ross Clark Circle, Dothan, AL 36303;

8.    THAT, Pat Black is employed by the Trust Department of Regions Bank

Dothan, Alabama and her address is 3201 Ross Clark Circle, Dothan, AL

36303

9.    THAT, Richard Fox, was a trust officer with Regions Bank, Dothan, Alabama

until 2001 and his current address is unknown;

10.   THAT, G. David Johnston. is a practicing attorney in Dothan, Houston

County, Alabama and his mailing address is 291 North Oates Street,

Dothan, Alabama 36303;

11.    THAT, Don P. Bennett is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 141 North St Andrews Street, Dothan, Alabama 36303;

12.    THAT, Deep South Investments is an Alabama Corporation operating in Dothan, Houston County Alabama and its mailing address is 141 North St Andrews Street, Dothan, Alabama 36303;

13.    THAT, Nanette Pitcher is a practicing real estate broker in Dothan, Houston County, Alabama and her mailing address is 1133 West Main Street, Dothan, Alabama 36301;

14.    THAT, Pitcher & Associates is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 1133 West Main Street, Dothan, Alabama 36301;

15.    THAT, Dianne Reams is a practicing real estate agent in Dothan, Houston County, Alabama and her mailing address is 1133 West Main Street, Dothan, Alabama 36301;

16.    THAT, Ream Properties is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 1133 West Main Street, Dothan, Alabama 36301;

17.    THAT, Ann Chandler is a resident of the state of Alabama and her mailing address is 201 Church Street, Ashford, Alabama 36312;

18.    THAT, Marie White Bauman is a resident of the state of Alabama and her mailing address is  108 Lucy Lane Dothan, Alabama 3630;

19. THAT, Alan E. Kamensky is a practicing attorney in the state of Georgia and his address is Synovus Centre, Third Floor, 1111 Bay Avenue, Columbus, Georgia 31901;

20. THAT, Benjamin Wayne Granger is a resident of the state of North Carolina and his mailing address is P.O. Box 488, Bryson North Carolina 28713;

21. THAT, Ross Kennedy is an employee of McDaniel and Associates and his business address is 101 Executive Park Drive, Dothan, Alabama 36303;

22. THAT McDaniel & Associates is an Alabama Corporation operating in Dothan, Houston County and its business address is 101 Executive Park Drive, Dothan, Alabama 36303;

23. THAT, Lexa E. Dowling is a practicing attorney in Dothan, Houston County, Alabama and her mailing address is 185 North Oates, Dothan, Alabama 36303;

24. THAT, Faye Ferrell is a practicing physician in Dothan, Houston County, Alabama and her mailing address is 114 East Troy Street, Dothan, Alabama 36301;

25. THAT, Doug McKeown. is a practicing psychologist in Dothan, Houston County, Alabama and his mailing address is 114 East Troy Street, Dothan, Alabama 36301;

26. THAT, Wallace Cooley is a resident of the state of Alabama and his mailing address is 6130 Eddins Road Dothan, Alabama 36303;

27. THAT, Tom Zeigenfelder is a resident of the state of Alabama and his mailing address is 2501 West Main Street, Dothan Alabama 36301;

28. THAT, Zeigooley Inc. is an Alabama corporation operating in Dothan, Houston County, Alabama and its mailing address is 6130 Eddins Road Dothan, Alabama 36303;

29. THAT, Michael Conaway is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 360 North Oates Street, Dothan, Alabama 36303;

30. THAT, Arthur Medley is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 114 North Oates, Dothan, Alabama 36303;

31. THAT, Joel Weatherford is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 100 Adris Place, Dothan, Alabama 36303;

32. THAT, Farmer, Price, Hornsby & Weatherford, LLC is an Alabama Corporation operating in Dothan, Houston County, Alabama and it mailing address is 100 Adris Place, Dothan, Alabama 36303;

33. THAT, Regions Mortgage is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 3201 Ross Clark Circle, Dothan, AL 36303;

34. THAT, Margaret Johnson is a resident of the state of Alabama and employed by the Houston County Department of Human Resources and her mailing address is 3201 Ross Clark S.E., Dothan, AL 36301;

35. THAT, the Houston County Department of Human Resources is an agent of the State of Alabama and its mailing address is 3201 Ross Clark S.E., Dothan, AL 36301;

36.  THAT, Robert Birmingham was an employee of Regions Bank, Dothan, Alabama and his address is currently unknown;

37.  THAT, Plaintiff/Contestant avers that defendants set forth in Paragraphs **6, 7, 8, 9,, 10,11,13, 14, 21, 22 & 36** have breached their fiduciary duty unto Decedent and unto Plaintiff/Contestant in that said defendants have been, and continue to be wanton and negligent in that they have:

    a.  **Mismanaged trust finances**

    b.  **Disbursed trust funds without written authority**

    c.  **Refused to provide to the Plaintiff/Contestant an accounting of said Trust**

    d.  **Sold real property for less than fair market value**

    e.  **Contracted real property for sale without legal authority**

    f.  **Failed to provide to the Plaintiff/Contestant Estate Taxes of said Trust and of decedent, Theodore J. Bauman**

    g.  **Disbursed assets of decedent unto themselves and unto other third parties**

    h.  **Practiced self dealing in selling assets and real properties unto themselves for less than fair market value**

    i.  **Paid bills and mortgages of third parties from assets of Ted Bauman and/or from Trust Funds without written authority**

    j.  **Mismanaged assets and finances of Ted Bauman**

    k.  **Disbursed assets of Ted Bauman without legal authority and/or without requisite written permission**

38.    THAT Plaintiff/Contestant avers that defendants' set forth in Paragraphs **6, 7, 8, 9, 10, 11, 13, 14, 21, 22, & 36** willfully and wantonly conspired to cheat and defraud Plaintiff/Contestant by allegedly conspiring to and/or forging signatures and/or witnessing the alleged forged signature of Decedent on his purported Codicil to Last Will & Testament, purported Last Will and Testament, purported Revocable Trust, purported Power of Attorney, and contracts of sale and mortgage documents;

39.    THAT, Plaintiff/ Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 11, 12, 13, 17, 18, 19, & 21** sought to exploit Decedent and to defraud Plaintiff/Contestant by conspiring to commit forgeries, forging and/or witnessing forged documents and/or having knowledge of said forged documents purporting to be Decedent's signature on various documents including but not limited to Mortgages, Real Estate Sales Contracts and Right of Survivorship Documents for the benefit of Nanette Pitcher and/or Anne Chandler;

40.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 6, 7, 8, 9, 10, 11, 13,14, 17, 18, 19, 21, 30 & 36** conspired to exploit Decedent and to defraud Plaintiff/Contestant by allegedly conspiring to, having knowledge of and/or forging Decedents signature on a Joint Power of Attorney Document giving Nanette Pitcher & Don P. Bennett jointly Power of Attorney over Decedent and that said defendants continued to exploit Decedent and his estate and to defraud Plaintiff/Contestant by signing and/or having knowledge said various documents were fraudulent including but not

limited to Mortgages, Loan Documents and Contracts for sale of real property as joint Powers of Attorney subsequent to a Court Order removing them as ATTORNEYS' IN FACT over Decedent;

41.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3,4, 10, 11, 13, 14, 17, 18, 19, 20,   21 & 22** maliciously, willfully and with intent to defraud Plaintiff/Contestant conspired to convert assets of Decedent unto themselves and/or advised  defendants to convert and obscure said conversions of assets of Decedent, and/or  did conspire to defraud and Plaintiff/Contestant and The United Stated Government and The State of Alabama of taxes due them including but not limited to gift taxes by converting assets, having knowledge of  said conversions, and advising parties herein to convert assets  including real property owned by  Decedent during his lifetime and subsequent to his death unto themselves and unto third parties with blatant disregard  to any laws and/or without any legal authority;

42.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3,4,6, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21 & 36** conspired to defraud Plaintiff/Contestant by unduly  influencing Decedent while having full knowledge and belief that Decedent was of unsound mind;

43.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **10, 11, 13, 15, 17, 18, 19& 20**  sought to defraud  Plaintiff/Contestant by converting assets of Decedent unto themselves and unto third parties including, but not limited to family members of Decedent  without legal authority utilizing forged documents and/or by and through undue influence;

44.     THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 5,6, 8, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21, 22, & 36** did willfully and with malicious intent, conspired to exploit Decedent and to defraud Your Plaintiff by forging, having knowledge of purported forgeries and/or aiding and abetting in the conspiracy to defraud Your Plaintiff by allowing assets of Decedent to be spent and looted specifically with regard to expenditures involving forged contracts, Mortgages and Right of Survival Documents for the benefit of one, Anne Chandler, a caregiver employed to care for Betty Jo Bauman and who was so employed approximately from July 15, 1997 until her termination on or about December 5, 1999;

45.     THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **10, 11, 13, 14, 19, & 21** did wantonly and willfully conspire to violate Civil RICO Statutes § 1962 (C) through the United States Postal Service, by interstate and intrastate wire and by conversion of assets of Decedent unto themselves and unto third parties with malicious intent to defraud Your Plaintiff of her rightful inheritance;

46.     THAT, Plaintiff/Contestant avers that defendants' set forth in paragraphs **6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 21, 22, 23, 29, & 36** conspired to defraud Plaintiff/Contestant by sharing pertinent financial information with each other and with third parties and by willfully and maliciously colluding to withhold pertinent financial information from Your Plaintiff including, but not limited to Decedent's assets, expenditures for and on behalf of Decedent, Profit & Loss Statements involving assets owned by Defendant , Corporate and

Individual Tax Returns including but not limited to the purported Revocable Trust of Decedent prior to and subsequent to Decedents death, and up until and including the present date;

47.    THAT, Plaintiff/Contestant alleges defendants' set forth in paragraphs **11,13 & 17** profited beyond compensation for salaries and/or professional fees from Decedent while said Decedent was of unsound mind and/or by undue influence, thus defrauding Plaintiff/Contestant;

48.    THAT, Plaintiff/Contestant alleges defendant set forth in paragraph **29** has been Aiding and Abetting defendants' set forth in paragraphs **3,4,11, 19, 24** and other as of yet, third parties, by conspiring to defraud Your Plaintiff by having first hand knowledge, yet withholding pertinent and imperative information and/or evidence regarding the mental instability of Decedent beginning in 1997, and that said defendants failed to be forthright and forthcoming and to provide unto this Court that in July 1997 said defendant set forth in paragraph **29** had been hired by Betty Jo Bauman, spouse of Decedent and your Plaintiff/Contestant upon the recommendation of the then Houston County Probate Judge, Luke Cooley, and subsequently said defendant had met with the majority of all children of Decedent and the spouse of Decedent and after unanimous agreement & approval of all parties, defendant had drafted, signed and filed with the Houston County Probate Court, COMMITMENT PROCEEDINGS and a WRIT FOR BODY wherein it was alleged that Decedent was mentally unstable, of unsound mind and a danger to himself and others;

49.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 18, 19, 20, 21, & 22** individually and as a group did maliciously conspire to and with intent to defraud Your Plaintiff and to defraud The United States Government, and The State of Alabama of taxes including but not limited to gift taxes due them by said aforementioned defendants' conversion of personal assets of Decedent valued at approximately Five Hundred Thousand ($500,000.00) Dollars unto themselves and unto each other by and through interstate transportation utilizing the United States Mail;

50.    THAT, Plaintiff/Contestant alleges defendants' set forth in paragraphs **3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14,   15, 16, 19, 21, 22, 23, 26, 27, 28, & 36** conspired to defraud, Plaintiff/Contestant of her rightful inheritance and to defraud The United States Government and The State of Alabama of taxes due them by conveying real property of Decedent subsequent to the death of Decedent unto each other and unto third parties at prices significantly and markedly below market value;

51.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 11, 13, 14, 17, 19 & 21** conspired to initiate, produce, sign, witness and/or enter into Management Agreements involving Decedent, his assets and/or real properties while Decedent was of unsound mind and/or under undue influence and with malicious and willful intent to defraud Your Plaintiff;

52.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 11, 12, 17, 18, 19, 20, 24, 25 & 30** did collude & conspire with each

other and with willful and malicious intent to defraud Your Plaintiff by

having knowledge of, and/or participating in preparation of, witnessing,

and/or drafting affidavits in an effort to establish mental competency in 2000

of Decedent when in fact, Decedent was not a patient of either Faye Ferrill,

M.D or Doug McKeown, PhD and no attending physician of Decedent had

requested any such competency evaluation;

53.     THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **6,
        7, 8, 10, 11, 13, 14, 15, 16, 19, 21 & 22** conspired to defraud Your Plaintiff by

        offering for sale, the right to manage properties of Decedent including but not

        limited to Revocable Trust assets of Decedent by one, Nanette Pitcher with

        Pitcher & Associates to one, Darlene Ream of Ream Properties when there

        existed no legal authority allowing the aforementioned defendants' the right to

        transfer property manage of real properties of Decedent;

54.     THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **34
        & 35** with willful and malicious intent did conspire with defendants' set forth

        in paragraphs **3, 4, 11, 13, 17, & 23** to exploit Decedent and/or to defraud

        Your Plaintiff by ignoring and/or dismissing allegations made unto them in

        their official capacity regarding abuse and financial exploitation of Decedent

        while said Decedent was a patient in an extended care facility, and that said

        defendants' aforementioned in paragraphs **34** and **35**, admittedly stated they

        were not authorized to investigate allegations of financial exploitation and or

        lacked the knowledge and capacity to investigate said allegations and in fact

        willfully and maliciously and with intent to defraud Your Plaintiff and did

ignore and dismiss concerns and allegations raised with respect to third parties

taking advantage of the feeble and infirmed health and the unsound mind of

Decedent;

55.    THAT, Plaintiff/Contestant alleges that defendants set forth in paragraphs **6,**

**7, 8, 9, 31, 32, 33 and 36** did conspire to defraud Your Plaintiff by initiating,

issuing and/or granting mortgages, mortgage payoffs and the financial where

withal to finance and/or pay off said mortgages to one, Houston County

Circuit Judge, Larry Anderson while Anderson presided in his official

capacity as Circuit Judge over proceedings in the above mentioned cause and

in Cases CV-5012 & CV-5013 involving the Decedent and his spouse and

their individual and marital assets, in exchange for favorable and preferential

proceedings and rulings in said causes of action;


WHEREFORE, Plaintiff/Contestant prays that this Court will set these matters

for hearing and that the issues involved herein will be made up and tried in this

Court expeditiously at a time and place conducive to this Courts calendar. The

Plaintiff/Contestant prays for such other, further, or more general relief to which

she may, in equity and good conscience, be entitled.


Respectfully submitted this 22nd day of September, 2006.

_____
KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526

### PLAINTIFF/CONTESTANT DEMANDS TRIAL BY JURY PURSUANT

### TO ALABAMA RULES OF CIVIL PROCEDURE 38(b)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING TO: Jeffrey D. Bauman, Pro Se, P.O. Box 1956, Dothan, 36302, William L. Lee, III, Esq. P.O. Box 1665, Dothan, AL 36302 & Stephen G. McGowan, Esq. P.O. Box 2101,. Dothan, Alabama 36302, by placing a copy of the same in the United States Mail, properly addressed and postage prepaid, this 22nd day of September 2006:

KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526