IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:06cv955-MHT |
| BETTY JO BAUMAN, | ) | (WO) |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Kathryn Bauman Rubenstein filed this lawsuit in the Circuit Court of Houston County, Alabama, charging defendants Betty Jo Bauman, Marilyn Bauman Granger, Barbara Bauman Kamensky, Jeffrey Bauman, Regions Bank, Regions Mortgage, Brian Bickhaus, Richard Fox, Robert Birmingham, Pat Black, G. David Johnson, Don P. Bennett, Nanette Pitcher, Pitcher And Associates, Dianne Ream, D. Ream Properties, Ann Chandler, Marie W. Bauman, Allan E. Kamensky, Bennie Wayne Granger, Ross Kennedy, McDaniel and Associates, Lexa Dowling, Faye Ferrell, Doug McKeown, Wallace Cooley, Tom Zeigenfelder, Zeigooley,

Inc., Margaret Johnston, Houston County Department of Human Resources, Michael Conaway, Carl E. Jones, Jr., D. Bryan Jordan, Boyd Horn, PeopleSouth Bank, Community Bank and Trust, Midsouth Bank, Granger Limited, Tommy Scarborough, and Jere Segrest with multiple counts of fraud arising under state and federal law.

Plaintiff Rubenstein removed this lawsuit from state to federal court, invoking this court's jurisdiction under 28 U.S.C. §§ 1331 (federal-question) and 1332 (diversity). For reason that follow, two motions to remand filed by certain defendants on October 25 and 27, 2006, should be granted.

Subsection (a) of 28 U.S.C. § 1441, which governs the removal of lawsuits from state to federal courts, provides in pertinent part a follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the <u>defendant or the defendants</u>, to the district court of the United States for the district and

>division embracing the place where such action is pending."

(emphasis added). Thus, by its express and unambiguous terms, this provision authorizes defendants only, and not plaintiffs, to remove a suit to federal court once it has been initially filed in state court. See Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff under 28 U.S.C. § 1441(a), ... and cannot remove. The remand was proper."); F.D.I.C. v. S & I 85-1, Ltd., 22 F.3d 1070, 1073 (11th Cir. 1994) ("The general removal statute [§ 1441(a)] expressly limits the power of removal to defendants.").

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motions to remand (doc. nos. 2 & 6) are granted and this cause is remanded in its entirety to the Circuit Court of Houston County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the other motions to remand (doc. nos. 5, 8, 11, 20, 22 & 24) are denied as moot.

It is further ORDERED that all other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand of this entire case.

DONE this the 2nd day of November, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**